MEMORANDUM **
John Paul Pedregón appeals his jury conviction and sentence for (1) conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2(a). We affirm.
Law enforcement officers may be both expert and lay witnesses and can testify as to the meaning of drug jargon. See United States v. Freeman, 498 F.3d 893, 901-05 (9th Cir.2007). Given the extensive training and experience of the law enforcement witness in narcotics trafficking investigations, including his experience in this particular investigation, we “can discern from the record that the witness could have been qualified as an expert under Federal Rule of Evidence 702.” United States v. Mendoza, 244 F.3d 1037, 1046 (9th Cir.2001). Further, the witness sufficiently explained his methodology for interpreting the drug jargon used in this case, and Pedregón had the opportunity to cross-examine the witness about his opinions. Therefore, admission of the testimony was not plain error
The prosecutor’s questions regarding the wiretap authorization for Christian Sanchez’s phone did not constitute impermissible vouching as to Pedregon, because they did not suggest that any government attorneys, judges, or other officials believed that Pedregón was guilty. Cf. United States v. Brooks, 508 F.3d 1205, 1211 (9th Cir.2007) (government improperly bolstered its case where extensive discussion of the wiretap authorization for the defendant’s phone implied that “many government attorneys and a federal judge had decided that [the defendant ] was guilty.”). Even if the prosecutor’s questioning constituted vouching, any error was harmless and not plain error in the context of the entire record, because there was substantial independent evidence of guilt. See id. at 1211.
The district court correctly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, and imposed a substantively reasonable sentence. There is evidence in the record to support the district court’s denial of the minor-role adjustment. The mere fact that Pedregón possessed a significant quantity of methamphetamine at the time of his arrest is sufficient to deny the sentencing reduction. See United States v. Murillo, 255 F.3d 1169, 1179 (9th Cir.2001) (“Where drugs are present in significant quantities, that is *576 in itself sufficient to deny a sentencing reduction”), overruled on other grounds by Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). Although the judge did not state why he did not depart farther below the Guidelines range, his reasoning can be inferred from the Presentence Investigation Report and the record as a whole. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (“[Ajdequate explanation in some cases may also be inferred from the PSR or the record as a whole.”) (citations omitted). The record is also sufficient to show that the judge considered the parties’ arguments and had a reasoned basis for exercising his own legal decision-making authority. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (citation omitted). Considering the totality of the circumstances, the below-Guidelines sentence was reasonable.
The district court was within its discretion in prohibiting Pedregón from knowingly associating with members of the “Watts Barrio Grape Street” or “Hard Times” gangs as a condition of supervised release. See United States v. Vega, 545 F.3d 743, 749 (9th Cir.2008) (upholding nearly identical condition of supervised release); United States v. Soltero, 510 F.3d 858 (9th Cir.2007) (per curiam) (same). A prohibition on knowing “association” with certain groups does not include accidental or incidental contacts. Soltero, 510 F.3d at 866-67 (citation omitted). Accordingly, the condition of supervised release challenged by Pedregón is not overbroad, because it applies only to knowing, intentional association with, gang members. See Vega, 545 F.3d at 750 (citing United States v. Johnson, 446 F.3d 272, 281 (2d Cir.2006) (“Generally, supervised release provisions are read to exclude inadvertent violations.”)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.